UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PERCY SPENCER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 3:05-CV-758-TS |
| ) | |
| JOHN VANNATTA, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Petitioner Percy Spencer filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Mr. Spencer's petition establishes that he was convicted on May 23, 1997, that he filed a direct appeal to the Indiana Supreme Court, and that transfer was denied on March 2, 1999. In his petition, he indicated that he filed two petitions for post-conviction relief, but did not give the dates he filed those petitions.

Mr. Spencer's petition is governed by 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act. Section 2244(d)(1) imposes a one-year statute of limitations on state prisoners seeking habeas corpus relief. "This one-year period commences on 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Johnson v. McCaughtry*, 265 F.3d 559 at 562 (7th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(1)(A)). Mr. Spencer's statute of limitations began to run on March 3, 1999, and ended on March 3, 2000, one year after his petition to transfer was denied, unless the statute was tolled by a subsequent state court proceeding.

To clarify whether Mr. Spencer timely filed his habeas petition, the court ordered him to submit the dates he filed his petitions for post-conviction relief and the dates they were denied or dismissed, or to otherwise show cause why his petition should not be dismissed as untimely. Mr. Spencer has responded, submitting several state court documents.

Mr. Spencer's submissions establish that he filed his first petition for post-conviction relief on February 1, 2000, that the trial court denied the petition on February 13, 2002, and that he did not appeal. Because Mr. Spencer filed his first petition for post-conviction relief before March 3, 2000, it tolled the statute of limitations. But when that petition was dismissed, the statute of limitations was no longer tolled. Because he filed no appeal, Mr. Spencer's statute of limitations resumed running on February 14, 2002, and ended on March 21, 2002.

Mr. Spencer filed his second petition for post-conviction relief on November 4, 2004. The trial court dismissed that petition on June 21, 2005, because it failed to establish a reasonable possibility that he was entitled to post-conviction relief. Mr. Spencer appealed the dismissal of his second post-conviction relief petition. On September 26, 2005, the Indiana Court of Appeals noted that petitioners desiring to pursue successive petitions for post-conviction relief are required to obtain leave from either the Supreme Court or the Court of Appeals before filing such a petition in the trial court, and dismissed Mr. Spencer's appeal, because he "failed to obtain such leave." (Attachment #4 to petitioner's response.)

Even giving Mr. Spencer the benefit of all favorable inferences, the statute of limitations expired long before he filed his second petition for post-conviction relief. Moreover, because Mr. Spencer did not obtain permission to file a second or successive petition, his second petition for post-conviction relief would not have tolled the statue of limitations even had it been timely filed.

Mr. Spencer's submissions establish that his petition for writ of habeas corpus was filed beyond the one-year statute of limitations established by Section 2244(d)(1). The tolling of the statute while the state trial court entertained Mr. Spencer's first petition for post-conviction relief does not assist him. His request for a writ of habeas corpus must, therefore, be denied on its face based on Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, which allows for the dismissal of a petition because it plainly appears from the face of the petition that the petitioner is not entitled to relief. *See Dellenbach v. Hanks*, 76 F.3d 820 (7th Cir. 1996).

Accordingly, for the reasons stated in this order, the court DISMISSES this petition.

SO ORDERED on March 3, 2006.

                                              /s/ Theresa L. Springmann  
                                              THERESA L. SPRINGMANN  
                                              UNITED STATES DISTRICT COURT